**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff, | : | Case No. 2:10-CR-196 |
| v. | : | Judge Holschuh |
| **ANTHONY S. MILLER,** | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM OPINION & ORDER**

On July 20, 2010, Defendant Anthony S. Miller was indicted for failure to register as required by the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a). That statute provides as follows:

> (a) In general.--Whoever--
>
> (1) is required to register under the Sex Offender Registration and Notification Act;
>
> (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
>
> (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
>
> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
>
> shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250(a).

This matter is currently before the Court on Defendant's motion for a bill of particulars. The Indictment alleges that:

> From on or about March 24, 2010, to on or about May 8, 2010, in the Southern District of Ohio and elsewhere, the defendant, Anthony S. Miller, having been required to register under the Sex Offender Registration and Notification Act, and having traveled in interstate or foreign commerce, did knowingly fail to register as required by the Sex Offender Registration and Notification Act.

Defendant maintains that this language is too vague and indefinite and does not adequately apprise him of the nature and scope of the accusations against him. Federal Rule of Criminal Procedure 7(c)(1) provides in pertinent part that "[t]he indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged. . ."

Subsection (f) of Rule 7 permits the defendant to move for a bill of particulars, setting forth in greater detail the elements of the crime charged. Here, Defendant requests an Order requiring the Government to file a bill of particulars identifying: (1) the SORNA subsection that Defendant's prior conviction satisfies, triggering the duty to register as a sex offender; (2) the date on which Defendant entered the state of Ohio; (3) the date on which Defendant left the state of Ohio; and (4) the specific geographic location(s) of "elsewhere." Defendant argues that this information is needed so that he can "adequately prepare his defense, avoid prejudicial surprise at trial, clarify the issues herein and avoid confusion and delay at trial, and be protected against a second prosecution for the same offense and plead double jeopardy thereto as guaranteed by the Fifth Amendment to the United States Constitution." (Mot. at 4).

The United States initially opposed Defendant's motion, arguing that the indictment sufficiently alleged the essential facts constituting the offense charged. The United States further noted that, through discovery, Defendant had already been provided with the requested information,

as evidenced by the detailed recitation of relevant dates and geographic locations set forth in Defendant's other pretrial motions.  In his reply brief, Defendant argued that deficits in the indictment cannot be cured by disclosure of discovery.

On September 14, 2010, the United States filed a second response to Defendant's motion, setting forth all information requested by Defendant.  Specifically, the United States stated that: (1) "Mr. Miller was convicted of Abduction under ORC § 2907.05 and Gross Sexual Imposition under ORC § 2907.05. These priors satisfy the terms 'Sex Offender' and 'Tier II Sex Offender' under 42 USCS § 16911(1) and (3)(A);" (2) "Mr. Miller entered the State of Ohio on or about March 24, 2010;" (3) "Mr. Miller left the State of Ohio on or about March 29, 2010;" and (4) "Mr. Miller was apprehended in the Southern District of West Virginia, on May 8, 2010, at 2100 Harper Road in Beckley, WV, where he had been residing in his car for approximately two weeks. After leaving the State of Ohio, he failed to register in the Southern District of West Virginia as well."  (Second Response at 1-2).  The Court therefore **DENIES AS MOOT** Defendant's motion for a bill of particulars (Doc. 22).

**IT IS SO ORDERED.**

Date: September 16, 2010  **/s/ John D. Holschuh**
John D. Holschuh, Judge
United States District Court