**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | **Case No. 2:10-CR-196** |
| **v.** | : | **Judge Frost** |
| **ANTHONY S. MILLER,** | : | |
| **Defendant.** | : | |
| | : | |

## MEMORANDUM OPINION & ORDER

Defendant Anthony S. Miller is charged with failure to register as a sex offender in violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a).  This matter is currently before the court on Defendant's motion to dismiss for improper venue. (Doc. 47).  Defendant maintains that because he was not legally required to update his registration information in Ohio, he cannot be prosecuted here.  For the reasons stated below, the court grants Defendant's motion and dismisses the indictment without prejudice.

### I.    Background and Procedural History

On May 3, 2010,  Deputy U.S. Marshal Nicole Ralston filed a Criminal Complaint in the United States District Court for the Southern District of Ohio.  According to Deputy Ralston, Anthony S. Miller had previously pleaded guilty in the Franklin County Court of Common Pleas to abduction and gross sexual imposition, and had been sentenced to two years in prison.  Because of this conviction, he was required to register as a sex offender under SORNA.

Deputy Ralston alleged that on January 6, 2010, Miller notified the Franklin County Sheriff that he was moving to North Carolina.  On January 14, 2010, Miller registered as a sex offender in

Wayne County, North Carolina. Then, on March 23, 2010, he informed Wayne County officials that he was moving back to Columbus, Ohio.

Miller did reside in Columbus, Ohio from March 24-29, 2010, but not at the address he gave to the Wayne County, North Carolina officials. He then apparently traveled to Washington, D.C. where, on April 2, 2010, he received a ticket for possession of marijuana. On April 29, 2010, he sent an email to Deputy Ralston, indicating that he was living in his car somewhere in West Virginia. In her Criminal Complaint, Deputy Ralston alleged that there was probable cause to believe that Miller had failed to update his sex offender registration in Ohio and in West Virginia as required by SORNA. Based on that Criminal Complaint, this court issued an arrest warrant on May 3, 2010. Miller was arrested by Deputy U.S. Marshal Fred Lamey on May 8, 2010 in Beckley, West Virginia.

Miller was indicted in the Southern District of Ohio on July 20, 2010. The indictment reads as follows:

> From on or about March 24, 2010, to on or about May 8, 2010, in the Southern District of Ohio and elsewhere, the defendant, **ANTHONY S. MILLER,** having been required to register under the Sex Offender Registration and Notification Act, and having traveled in interstate or foreign commerce, did knowingly fail to register as required by the Sex Offender Registration and Notification Act. In violation of Title 18, United States Code, Section 2250(a).

Miller has moved to dismiss the indictment for improper venue. He essentially argues that because he did not establish a new residence in Ohio and was not physically present in Ohio for more than 3 business days, Ohio is not "a jurisdiction involved" as defined by 42 U.S.C. § 16913(c), and he had no duty to update his registration information in Ohio. According to Miller, because the alleged SORNA violation did not take place in Ohio, he cannot be prosecuted here.

2

## II.     Discussion

### A.     Relevant Law

#### 1.     Venue

Federal Rule of Criminal Procedure 18 states in part, "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." Likewise, the United States Constitution requires that trials be held "in the State where the said Crimes shall have been committed." U.S. Const. Art. III, § 2, cl. 3. See also U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed. . ."). If a criminal statute does not contain a specific venue provision, the *locus delicti*, or the place where the crime is committed, is determined by examining "the nature of the crime alleged and the location of the act or acts constituting it." United States v. Cabrales, 524 U.S. 1, 6-7 (1998) (quoting United States v. Anderson, 328 U.S. 699, 703 (1946)).

In many instances, the acts constituting the crime are all committed in the same district, making proper venue relatively easy to determine. In other cases, however, the acts constituting the crime are spread across two or more districts. For offenses begun in one district and completed in another, and for offenses committed in more than one district, proper venue is determined in accordance with 18 U.S.C. § 3237(a). That statute reads as follows:

> Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

3

> Any offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves.

18 U.S.C. § 3237(a).

### 2. SORNA

Because SORNA contains no specific venue provision, the court must determine proper

venue by examining "the nature of the crime alleged and the location of the act or acts constituting

it." Cabrales, 524 U.S. at 6-7. The statute reads, in pertinent part, as follows:

> (a) In general.--Whoever--
> (1) is required to register under the Sex Offender Registration and Notification Act;
>
> (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
>
> (B) travels in interstate or foreign commerce . . . ; and
>
> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
>
> shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250(a).

SORNA requires a sex offender to "register, and keep the registration current, in each

jurisdiction where the offender resides, where the offender is an employee, and where the offender

is a student." 42 U.S.C. § 16913(a). The term "resides" is defined as "the location of the

4

individual's home or other place where the individual habitually lives." 42 U.S.C. § 16911(13).

With respect to keeping registration information current, SORNA provides as follows:

> A sex offender shall, not later than 3 business days after each change
> of name, residence, employment, or student status, appear in person
> in at least 1 jurisdiction involved pursuant to subsection (a) of this
> section and inform that jurisdiction of all changes in the information
> required for that offender in the sex offender registry. That
> jurisdiction shall immediately provide that information to all other
> jurisdictions in which the offender is required to register.

42 U.S.C. § 16913(c).

### C. Analysis

#### 1. Defendant Had No Duty Under SORNA to Update His Registration Information in Ohio

The court need not decide whether Miller's physical presence in Ohio from March 24-29,

2010 constituted a "change of residence." Even if Miller did establish a new "residence" in Ohio,

he was not physically present in Ohio long enough to trigger any duty under SORNA to appear in

person to update his sex offender registry information.

According to the Government, Miller arrived in Ohio on Wednesday, March 24, 2010 and

left on Monday, March 29, 2010. SORNA required him to report to law enforcement officials in

Ohio "not later than 3 business days" after his alleged change of residence. Miller points out that

sheriff's offices are open 24 hours a day; he therefore had until midnight on March 29, 2010 to

update his sex offender registration information. The Government admits that he left Ohio before

that time. The court therefore finds that Miller had no duty under SORNA to update his registration

information in Ohio. As explained below, this factual finding requires that the court dismiss the

indictment without prejudice for improper venue.

## 2. Common Law Rule

The Supreme Court has held that, as a general rule, "where the crime charged is a failure to do a legally required act, the place fixed for its performance fixes the situs of the crime." Johnston v. United States, 351 U.S. 215, 220 (1956). In Johnston, conscientious objectors were ordered to report for civilian work in lieu of being inducted into the armed forces. They failed to comply with the order. The issue was whether they should be prosecuted in the district where the order was issued or the district where they failed to report. The Court noted that the "place of the crime" is determined "by the acts of the accused that violate a statute." Id. Because the crime charged arose from a failure to perform a duty, venue was found to lie "where the failure occurred." Id. at 222.

Travis v. United States, 364 U.S. 631 (1961), further illustrates this common law rule. Maurice Travis was charged in the District of Colorado with making and filing false non-Communist affidavits. He executed the affidavits in Colorado, and mailed them to Washington D.C. where they were filed with the National Labor Relations Board. He argued that venue was improper in Colorado. The prosecution argued that because the offense was begun in Colorado and completed in Washington D.C., venue was proper either place under 18 U.S.C. § 3237(a) . The Supreme Court disagreed. It noted that multiple venues are appropriate only for "crimes consisting of 'distinct parts' or involving 'a continuously moving act.' When a place is explicitly designated where a paper must be filed, a prosecution for failure to file lies only at that place." Id. at 636 (internal citation omitted). The Court noted that Congress had carefully specified the locus of the offense. "[O]nly the single act of having a false statement at a specified place is penalized." Id. at 637.

A SORNA violation clearly involves a "failure to do a legally required act. " Only the act of failing to update sex offender registry information is penalized. A SORNA violation is not a

6

crime consisting of distinct parts and it does not involve a continuously moving act. Rather, it is a "point-in-time" offense. Moreover, the statute clearly specifies exactly where the sex offender must appear in person to update that information, *i.e.*, where the offender resides, where the offender is an employee, or where the offender is a student. See 42 U.S.C. § 16913(a) and (c).

In the court's view, the common law rule set forth in <u>Johnston</u> and <u>Travis</u> governs the question of venue in cases involving SORNA violations. Accordingly, venue is proper in any jurisdiction where a defendant was required to update his or her sex offender registration information and failed to do so. Because Miller was not required, under SORNA, to update his information in Ohio, venue does not lie here.[1]

### 3. 18 U.S.C. § 3237(a)

The court acknowledges that it appears that no other court has relied on this common law rule in deciding the proper venue for prosecuting sex offenders charged with failing to update registration information under SORNA. Instead, courts have generally relied on 18 U.S.C. § 3237(a), which applies to crimes that are "begun in one district and completed in another, or committed in more than one district." 18 U.S.C. § 3237(a). Such crimes "may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." <u>Id.</u>

Section 3237(a) has traditionally been applied to crimes such as kidnaping and conspiracy. Kidnaping is a offense which is complete and chargeable as soon as the offender, by force, threat or deception moves the victim or restrains the victim's liberty. The crime continues until the victim is released. Therefore, if a victim is kidnaped in one state and forced to accompany the kidnaper

---

[1] The court makes no determination concerning whether Miller had a duty under SORNA to update his registration information in West Virginia, or had a duty under Ohio law to update his registration information in Ohio.

7

through several states, the crime could be prosecuted in the state where the victim was first kidnaped, or any state through which the kidnaper traveled with the victim in tow. Conspiracy is another example of a crime that might be commenced in one district and completed in another. It has distinct parts -- an agreement to commit a crime and an overt act in furtherance of that agreement. The agreement to commit the crime may be made in one district, while the overt act in furtherance of that agreement may take place in another district. The crime is complete and chargeable as soon as one overt act is committed. The crime may, however, continue well beyond that time with the commission each additional overt act. Under § 3237(a), the crime could be prosecuted in the district where the agreement was made, or in the district where any overt acts in furtherance of the conspiracy took place.

Application of § 3237(a) to SORNA, however, is not as clear cut. In order to obtain a conviction for failure to register as a sex offender under SORNA, for those individuals previously convicted of a sex offense under state law, the government must prove that: (1) the defendant had a duty to register under 42 U.S.C. § 16913(a); (2) the defendant traveled in interstate or foreign commerce; and (3) the defendant knowingly failed to register or update a registration. See 18 U.S.C. § 2250(a). The Supreme Court has held that these elements must be satisfied in sequence. See Carr v. United States, 130 S.Ct. 2229, 2235 (2010).

In applying § 3237(a) to SORNA violations, courts have generally found that because interstate travel is one of the elements of the crime, the crime is necessarily an offense "begun in one district and completed in another." See United States v. Howell, 552 F.3d 709, 718 (8th Cir. 2009) ("a SORNA violation involves two different jurisdictions"). Several courts have held that when a sex offender fails to update his or her registration information following a move to another state,

8

prosecution is proper under § 3237(a) either in the state where the sex offender used to live, *i.e.*, where the crime began, or in the state where the sex offender established a new residence but failed to register, *i.e.*, where the crime was completed. See id.; United States v. Thompson, 595 F.Supp.2d 143, 149 (D.Maine 2009); United States v. Roberts, No. 6:07-CR-70031, 2007 WL 2155750, at *3 (W.D. Va. July 27, 2007); United States v. Cochran, No. CR-08-18, 2008 WL 2185427, at *3 (E.D. Okla. May 23, 2008); United States v. Miles, No. 3:09-cr-132, 2010 WL 334713, at **2-3 (M.D. Ala. Jan. 22, 2010); United States v. Bruffy, No. 1:10cr77, 2010 WL 2640165, at *5 (E.D. Va. June 30, 2010).[2]

   This court respectfully disagrees with that reasoning. Just because interstate travel is an "element" of the crime, that does not necessarily mean that § 3237(a) applies. The prohibited conduct, and the clear focus of the statute, is the sex offender's knowing failure to update his or her registration information. As one district court has explained, "the crime is not committed until three days after a defendant establishes residency in a new district without a new registration." SORNA "does not forbid a defendant to cross state lines. . . It forbids failure to register *after having crossed* state lines." Roberts, 2007 WL 2155750, at *3 (emphasis in original). Interstate travel is an element of this particular crime only because it is needed to properly invoke Congress's Commerce Clause

_____

   [2] A couple of these courts have reasoned that when a sex offender fails to update registration information following a move to a new state, the sex offender's "nominal" residence, for SORNA purposes, remains the state he or she left, making that state a "jurisdiction involved" under 42 U.S.C. § 16913(c). See, e.g., Roberts, 2007 WL 2155750, at **3-4; Miles, 2010 WL 334713, at *3. This reasoning, however, is contrary to the plain language of the statute. SORNA does not require a sex offender to update registration information in the state he or she is leaving. Rather, a "jurisdiction involved" is limited to one "where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). The statute is written in the present tense, not the past tense. The language of statute makes it clear that it is the sex offender's physical presence, rather than his or her presence on paper, that is important.

authority. Unless a sex offender previously convicted under state law crosses state lines, the United States has no valid interest in punishing that individual. See Carr, 130 S.Ct. at 2235.

In the court's view, because a SORNA violation is not complete and chargeable until a sex offender crosses state lines and *then* knowingly fails to register as required, the interstate travel is more like a condition precedent than an essential element of the crime.[3] The criminal act itself takes place entirely within the district where the offender had a duty to register and failed to do so. It is not a crime "begun in one district and completed in another." The court therefore finds that the common law ruled cited above should govern the question of venue.

But assuming *arguendo* that the inclusion of the interstate travel element automatically pulls these sex offenders within the purview of § 3237(a), Miller's case is still factually distinguishable from all of the cases cited. His alleged crime was neither begun in Ohio nor completed in Ohio. Miller was not indicted in the state where the travel originated, North Carolina. Nor was he indicted in a state where he established a new residence and then failed to update his registration information as required. As the court has previously found, Miller was not physically present in Ohio long enough to trigger a duty to update his sex offender registration here. He simply spent a few days in Ohio before traveling on to Washington, D.C. and then West Virginia. As Defendant points out, there is absolutely no case law to support a finding that merely *traveling through* Ohio before failing

---

[3] In this respect, SORNA is distinguishable from other statutes that include interstate travel as an element of the crime. For example, the Travel Act, 18 U.S.C. § 1952(a), prohibits interstate travel with the intent of engaging in unlawful activity. In contrast to SORNA, the travel *itself* is deemed to be criminal because the conspiracy has already been put in motion. Therefore, the crime is clearly begun in one district and completed in another, pulling it within the scope of § 3237(a). In contrast, with SORNA, "no crime is committed during the actual trip; it occurs only when a sex offender comes to rest in a new home." Roberts, 2007 WL 2155750, at *3.

to register as required in another jurisdiction is sufficient to establish venue under § 3237(a).

In its October 28, 2010 response to Defendant's motion in limine, the Government cites to United States v. Hinen, 487 F.Supp.2d 747, 759 (W.D. Va. 2007), judgment reversed and vacated on other grounds, United States v. Hatcher, 560 F.3d 222 (4th Cir. 2009), and to United States v. Young, 582 F.Supp.2d 846, 849 (W.D. Texas 2008). These courts stated that because a SORNA violation involves an element of interstate travel, it is a "continuing offense" under § 3237(a) and that venue would therefore be proper "in any district through which the defendant had moved."

Despite these broad statements, the actual holdings of Hinen and Young do not support a finding that venue is proper in Ohio simply because Miller passed through the state before failing to register as required in another jurisdiction. In Hinen, the court simply held that venue was proper in Virginia, the state in which Hinen's travel originated. 487 F.Supp.2d at 759. In Young, the court simply held that venue was proper in Texas, where Young failed to update his registration information after establishing a new residence there. 582 F.Supp.2d at 849.

Not all courts agree that SORNA is a "continuing offense" for purposes of § 3237(a). See, e.g. Roberts, 2007 WL 2155750, at *3 (holding that a SORNA violation is not continuing offense). In any event, this court need not decide that issue. It is axiomatic that a crime cannot be a "continuing offense" until it is complete and chargeable. As explained above, Miller left the State of Ohio before his alleged SORNA violation was complete and chargeable. Because the alleged crime did not begin in Ohio, was not completed in Ohio, and did not continue in Ohio, § 3237(a) provides no legal basis for Miller to be prosecuted here.

Admittedly, Miller told North Carolina officials that he was moving to Ohio and law enforcement officials in the Southern District of Ohio expended significant time and resources trying

11

to track him down.  These facts, however, are inapposite.  The key question, for purposes of determining proper venue, is where the crime was committed.

## III.    Conclusion

Miller has a constitutional right to be tried in the jurisdiction where the alleged crime was committed.  In this case, Miller had no duty to update his sex offender registration information in Ohio.  Because the alleged offense was not committed in Ohio, venue is not proper here.  The court therefore **GRANTS** Defendant's motion to dismiss the indictment without prejudice (Doc. 47).

**IT IS SO ORDERED.**

Date: 2/22/11

Gregory L. Frost, Judge
United States District Court

12